Filed 10/29/13  P. v. Sears CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

| | |
|---|---|
| THE PEOPLE, | C073758 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12667) |
| v. | |
| TANYA KAY SEARS, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On November 30, 2012, defendant Tanya Kay Sears punched, hit, kicked, and bit her live-in girlfriend, causing bruises.  Defendant had previously been convicted of domestic violence.

Defendant entered a no contest plea to corporal injury to a cohabitant with a prior (Pen. Code, § 273.5, subd. (e)(1)) in exchange for no state prison at the outset and dismissal of case No. CRM12970.  The court suspended imposition of sentence and granted probation for a period of three years subject to certain terms and conditions including 180 days in county jail and that she abstain from the use of controlled substances.

1

About a month later, while in county jail, defendant violated probation by testing positive for methamphetamine. The court sentenced defendant to state prison for the upper term of five years.

Defendant appeals. She did not request a certificate of probable cause (Pen. Code, § 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental letter brief, contending that she was sentenced to the upper term of five years for a "dirty test," her first violation of probation, and that she should have been offered a "drug program." We reject both contentions.

Defendant was granted probation pursuant to the terms of the plea agreement. Defendant was otherwise ineligible for probation given that she had two prior felony convictions (burglary & receiving stolen property) and the court had to find her case to be an unusual one. (Pen. Code, § 1203, subd. (e)(4).) Probation recommended that the court reject the plea agreement. The court made an unusual case finding, approved the plea agreement, and ordered probation to prepare the terms and conditions of probation. Between the date of the court's approval of the plea agreement and probation preparing the terms, defendant allegedly committed another act of domestic violence and a substance abuse violation. Despite these new allegations (which had not yet been adjudicated), the court granted probation. Probation is "an act of clemency and grace." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 445.) A trial court has very broad discretion in denying and revoking probation and an appellate court interferes with that discretion " 'only in a very extreme case.' " (*Id.* at p. 443.) Defendant was given an extraordinary opportunity in view of the new allegations and her criminal history which included over

2

20 misdemeanors and two prior felony convictions, the current case being her third felony conviction. While in county jail, defendant used methamphetamine on two occasions which she admitted. Defense counsel requested continued probation with residential drug treatment and defendant offered to waive all credit. Defense counsel noted mitigating factors of defendant's early admission and her addiction to methamphetamine which played a role in the underlying offense. Probation reported that defendant would not respond favorably to treatment. The trial court reasonably concluded that defendant was deserving of no additional leniency. Noting defendant was ineligible for probation without an unusual case finding, the trial court denied probation and found numerous aggravating factors to justify the upper term for defendant's felony conviction of domestic violence, including defendant's lengthy criminal record, her unsatisfactory performance on probation and parole, her prior prison terms, that she engaged in violent conduct indicating a serious danger to society, and that she was on summary probation and postrelease community supervision when she committed the current offense. We find no abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

    BLEASE    , Acting P. J.

We concur:

    BUTZ    , J.

    MURRAY    , J.

3